# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50306
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Melvin Rolando-Padilla,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-1151-1

---

Before Davis, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Melvin Rolando-Padilla appeals the sentence imposed following his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). He contends for the first time on appeal that the sentencing enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum established by § 1326(a)

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50306

based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Rolando-Padilla has filed an unopposed motion for summary disposition acknowledging that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and explaining that he seeks to preserve it for possible Supreme Court review.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Rolando-Padilla is, therefore, correct that his argument is foreclosed. Accordingly, because summary disposition is appropriate, *see Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion is GRANTED, and the district court's judgment is AFFIRMED.